# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

November 2, 2017

Lyle W. Cayce
Clerk

No. 17-50319
Summary Calendar

In The Matter of: JOE JESSE MONGE; ROSANA ELENA MONGE

Debtor

------------------------

LAW OFFICES OF MICHAEL R. NEVAREZ, A Professional Corporation, doing business as The Nevarez Law Firm, P.C.,

Appellant

v.

JOE JESSE MONGE; ROSANA ELENA MONGE,

Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:16-CV-525

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM: *

Joe and Rosana Monge engaged the Law Offices of Michael R. Nevarez ("Nevarez") to pursue various *qui tam* actions. Eventually, the Monges ran out

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-50319

of money and declared bankruptcy. Nevarez sued the Monges for unpaid legal bills. Upon discovering that Nevarez continued pursuing the *qui tam* actions without the Monges' knowledge or consent, the Monges countersued in bankruptcy court and argued, *inter alia*, that Nevarez's actions violated the automatic bankruptcy stay.

Nevarez argued that their retainer agreement required arbitration of all of the Monges' claims. The bankruptcy court largely agreed, except as to the Monges' claim that Nevarez's continued pursuit of the *qui tam* actions violated the automatic bankruptcy stay. The bankruptcy court issued three orders to that effect. In one of those orders, the bankruptcy court decided that the Monges' claim that Nevarez's continued pursuit of the *qui tam* actions was not arbitrable. Accordingly, the bankruptcy court denied Nevarez's motion to stay pending arbitration.

Nevarez appealed these three orders to the district court. Before the district court ruled on that appeal, however, the bankruptcy court issued a final judgment on all issues between the Monges and Nevarez. Nevarez appealed the final judgment to the district court in a separate action. Thus, there were two actions with nearly identical claims before the district court.

The district court exercised its discretion under Federal Rule of Bankruptcy Procedure 8003(b)(2) to consolidate the two lawsuits, and then it dismissed the appeal containing the three interlocutory orders and rendered final judgment in that action. The district court stated it intended to consider those interlocutory orders in the separate action with the final judgment, which remains pending. Nevarez appealed the dismissed action to this court.

The Monges moved to dismiss the appeal before this court because the district court has not yet had an opportunity to rule on the merits of the issues. Nevarez contends that the bankruptcy court's decision to decline staying the case until arbitration occurred, though interlocutory in nature, was appealable

2

No. 17-50319

in light of section 16 of the Federal Arbitration Act. 9 U.S.C. § 16(a)(1)(A); *see In re Nat'l Gypsum Co.*, 118 F.3d 1056, 1061 (5th Cir. 1997). Because the district court rendered final judgment in the action with the three interlocutory orders after consolidating the appeals, Nevarez contends dismissal is inappropriate here.

Although Nevarez is correct that a bankruptcy court's decision to deny a motion to stay is appealable and the district court here rendered final judgment, the district court has not had an opportunity to consider these issues because it consolidated the cases. Dismissal is consistent with the statutory scheme of district court appellate review of bankruptcy decisions that occurs except in narrow and statutorily specified circumstances—none of which applies here. *See* 28 U.S.C. § 158(d)(2)(A). Because dismissal is appropriate, Nevarez's motion for sanctions fails.

IT IS ORDERED that appellees' opposed motion to dismiss appeal is GRANTED.

IT IS FURTHER ORDERED that appellant's motion for sanctions is DENIED.

IT IS FURTHER ORDERED that appellant's motion to supplement the record is DENIED.